IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **MICHAEL E. SHEPHERD,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 7:08-CV-137-HL |
| **SCHNEIDER NATIONAL CARRIERS,** : | |
| **INC., CASIMIR WILLIAM WILLARD,** : | |
| **II, and LIBERTY MUTUAL** : | |
| **INSURANCE COMPANY,** : | |
| : | |
| Defendants. | |

# ORDER

Pending before the Court are Defendants' Schneider National Carriers, Inc. ("SNC") and Liberty Mutual Insurance Company ("Liberty Mutual") Motion for Summary Judgment and Casimir Wallard's Motion to Dismiss (Doc. 14). For the following reasons, the Defendants' Motions are granted.

## I    BACKGROUND

Plaintiff Michael Shepherd was involved in a tractor-trailer collision on November 6, 2006 when Defendant Casimir Willard, allegedly rear ended Shepherd on Georgia Highway 32 near its intersection with Black Gum Road in Irwin County, Georgia. Plaintiff filed a complaint to recover for personal injuries

1

on October 24, 2008, prior to the running of Georgia's two-year statute of limitations on November 6, 2008.[1] Plaintiff's counsel subsequently sent a copy of the summons and complaint to the U.S. Marshal's office on October 28, 2008 instructing them to serve Defendants SNC and Liberty Mutual.[2] Unbeknownst to Plaintiff, the U.S. Marshal's office did not attempt to serve Defendants SNC and Liberty Mutual because Plaintiff failed to fully pay the required fee for service.

On November 10, 2008 Plaintiff's counsel for the first time contacted the U.S. Marshal's office to confirm service upon Defendants SNC and Liberty Mutual.  Upon learning from Pat Carothers of the U.S. Marshal's office that additional payment was required, Plaintiff's counsel told Mr. Carothers she would get back with him.  On December 3, over three weeks later, Plaintiff's counsel received an email from the U.S Marshal's office again stating that additional fees were required before service would be made.  Proffering an explanation for the lapse in time between November 10 and December 3, Plaintiff's counsel avers that, in addition to delays caused by the Thanksgiving holidays, she "tried on more than one occasion but was unable to reach Mr. Carothers on the phone until December 3, 2008."

On December 3, 2008, Plaintiff hired a private process server to serve

---

[1] O.C.G.A. § 9-3-33 states, in pertinent part, that "[a]ctions for injuries to the person shall be brought within two years after the right of actions accrues."

[2] The U.S. Marshal's office was not instructed to serve Defendant Willard.

Defendants SNC and Liberty Mutual. Although the private process server attempted to serve SNC the following day, service was unsuccessful because Plaintiff's summons and complaint provided an incorrect address for SNC's registered agent. In the complaint, Plaintiff states that SNC's appointed registered agent for service of process was Lynn Dillard Doss, located at 710 West First Street, Blue Ridge, Georgia. However, SNC's registered agent for service of process in Georgia was actually Corporation Process Company, located at 328 Alexander Street, Suite 10, Marietta, Georgia. After the private process server informed Plaintiff of the correct address Plaintiff authorized service to that address. Thereafter, on December 5, 2008 SNC and Liberty Mutual were served. To date, Defendant Willard has not been served.

## II.     DISCUSSION

### A.     Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). When considering a motion for summary judgment, the Court must evaluate all of the evidence, together with any logical inferences, in the light

most favorable to the nonmoving party. Id. at 254-55. The Court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). If the moving party meets this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the nonmoving party is not entitled to a judgment as a matter of law. Id. at 324-26. This evidence must consist of more than mere conclusory allegations. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Under this scheme summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### B.   Statute of Limitations and Service of Process

In determining whether this suit was commenced prior to the running of the

statute of limitations period we must first look to whether federal or state law governs. Under Rule 3 of the Federal Rules of Civil Procedure a suit is commenced by filing a complaint with the court. Applying this standard, the present suit would not be barred as the complaint was filed on October 24, 2008 and the statute of limitations expired on November 6, 2008. If, however, Rule 3 is not controlling, Georgia law would determine whether the action is barred by the statute of limitations.

The Eleventh Circuit squarely addressed this question in <u>Cambridge Mutual Fire Ins. Co. v. City of Claxton</u>, 720 F.2d 1230 (11th Cir. 1983):

> Under the doctrine of <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), a federal court in a diversity action must apply the controlling substantive law of the state. In <u>Guaranty Trust Co. v. York</u>, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945), the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions. In <u>Ragan v. Merchants Transfer & Warehouse Co.</u>, 337 U.S. 530, 69 S. Ct. 1233, 93 L. Ed. 1520 (1945), the Supreme Court held that a Kansas statute rather than Rule 3 of the Federal Rules of Civil Procedure dictated the commencement date of the suit for purposes of determining whether the statute of limitations was tolled. The state statute, which provided for commencement of a suit upon service of

process, controlled because it was an integral part of the state statute of limitations. Id. at 534, 69 S. Ct. at 1235. According to the Supreme Court, a state-created cause of action "accrues and comes to an end when local law so declares. Where local law qualifies or abridges it, the federal court must follow suit. Otherwise, there is a different measure of the cause of action in one court than in the other, and the principle of Erie R. Co. v. Tompkins is transgressed." Id. at 532, 69 S. Ct. at 1235.

After examining Georgia law, Cambridge held that because "the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations. . .. Georgia law determines whether plaintiffs are barred by the statute of limitations." 720 F.2d at 1230. Accordingly, Georgia law controls the question of whether Plaintiff's late service relates back to the date that the action was originally filed for purposes of the statute of limitations.

Under Georgia law, an action is commenced by filing a complaint with the court. O.C.G.A. § 9-11-3. However, "[t]he Georgia statute is limited, unlike the federal rule, by the next statute which impacts the running of the statute of limitations." Roberts v. Jones, 390 F. Supp.2d 1333, 1335 (M.D. Ga. 2005). Pursuant to O.C.G.A. § 9-11-4(c), service is to be made within five days from the time of receiving the summons and complaint; but failure to make service within

the five-day period will not invalidate a later service.  Georgia courts interpreting O.C.G.A. §§ 9-11-3 and 9-11-4(c) have consistently held that where a complaint is filed near the date of expiration of the statute of limitations and service is made after the statute expires and after the five-day safe harbor provision contained within § 9-11-4(c), the service relates back to the original filing only if the plaintiff acted reasonably and diligently to ensure that proper service was made as quickly as possible.  Zeigler v. Hambrick, 257 Ga.App. 356, 357, 571 S.E.2d 418, 419 (2002); Cantin v. Justice, 224 Ga.App. 195, 197, 480 S.E.2d 250, 252 (1997).

Derived from O.C.G.A. §§ 9-11-3 and 9-11-4(c), and Georgia cases interpreting the two statutes, this district, in Roberts, delineated three general rules governing service of process in cases in Georgia where the statute of limitations has expired:

> First, if service is made within five days after the statute expires, service will relate back to the timely filing.  O.C.G.A. § 9-11-4(c); Williams v. Colonial Ins. Co., 199 Ga. App. 760, 406 S.E.2d 99 (1991).  This rules does not apply [when] there is no evidence that any of the movants were served within the "safe harbor" of § 9-11-4(c).  The second rule allows a court more discretion.  If service is not perfected within the five-day period, but some action is taken, and the plaintiff makes a showing that he acted reasonably and diligently to insure service was made as quickly as possible, service

*may* relate back to the timely filing of the complaint. Busby v. Webb, 247 Ga.App. 781, 545 S.E.2d 132 (2001). The plaintiff's diligence is measured from the date the complaint was filed, not the date the statute of limitations runs. Georgia Farm Bureau Mutual Ins. Co. v. Kilgore, 216 Ga. App. 384, 454 S.E.2d 587 (1995), aff'd, 265 Ga. 836, 462 S.E.2d 132 (2001). Further, the burden is on the plaintiff to show that failure to perfect service within the five days was not the plaintiff's fault. Busby v. Webb, 247 Ga. App. 781, 545 S.E.2d 132 (2001). The third rule governs where the five-day grace period has expired and plaintiff has failed to show that he diligently tried to serve [the] defendant. In this case, the court must dismiss the case. Anderson v. Hughes, 196 Ga. App. 186, 395 S.E.2d 623 (1990).

390 F. Supp.2d at 1335.

The present case illustrates a litany of mistakes a plaintiff should avoid when serving defendants where the complaint is filed near the expiration of the applicable Georgia statute of limitations and service is made after the statute expires. Plaintiff's first mistake was not properly researching the correct address for SNC's registered agent prior to the filing of the complaint. Plaintiff admits that the correct address for SNC's registered agent was not ascertained until after a private process server was hired on December 3, 2008. Although the private process server was able to ascertain and serve SNC's registered agent within two

days, the unmitigated fact is that Plaintiff was not diligent in obtaining the correct address *prior* to the filing of the complaint and running of statute of limitations. See Cantin, 224 Ga.App. at 197, 480 S.E.2d at 252; see also Robinson v. Green, 228 Ga.App. 27, 28, 491 S.E.2d 95, 96-97 (1997) (finding failure to ascertain the correct county defendants were located in for service of process prior to filing of complaint reflected lack of due diligence).

Plaintiff's next mistake was failing to fully pay the required fee for service. Plaintiff attempts an end-run around this mistake by arguing the U.S. Marshal's office should have informed him that they had not attempted service on SNC or Liberty Mutual because of the lack of payment. However, it is incumbent upon the Plaintiff, not the U.S. Marshal's office, to ensure proper service is made diligently. See Stickland v. Home Depot, 234 Ga.App. 545, 546, 507 S.E.2d 783, 785 (1998) ("The burden is on the plaintiff, not the sheriff, to show diligence in attempting to insure that proper service has been made as quickly as possible.") (citing Corley v. Gilley, 205 Ga.App. 660, 423 S.E.2d 55 (1995)). Notably, Plaintiff does not cast fault on the U.S. Marshal's office for his initial failure to fully pay the required fee for service; indeed, Plaintiff fails to provide any explanation whatsoever for this error. Under these circumstances failing to pay the required fee for service is itself a reflection of lack of diligence in attempting to insure proper service.

Plaintiff's final mistake was failing to take appropriate actions between the initial date of discovering the lack of service on November 10 and the time he

hired a private process server on December 3 – a gap of three weeks.  The only explanation provided for this three-week delay was that, in addition to the Thanksgiving holidays, Plaintiff tried on more than one occasion to reach Mr. Carothers of the U.S. Marshal's office.  This generalized excuse is far from sufficient.  "Once the plaintiff becomes aware of a problem with service, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service." Ballenger v. Floyd, 282 Ga.App. 574, 575-76, 639 S.E.2d 554, 555 (2006) (citing Harris v. Jones, 274 Ga.App. 553, 554, 618 S.E.2d 1, 2 (2005)).  Plaintiff's actions after becoming aware of the problem with service on November 10 were anything but diligent.  There were at least two obvious actions Plaintiff could have taken on November 10: either immediately pay the required fee for service or immediately hire a private process service.  Instead, Plaintiff procrastinated and failed to take either of those actions or any other action for three weeks that would signify diligence.

In sum, the Plaintiff has completely failed to show that he acted reasonably and diligently to insure service was made as quickly as possible.  Accordingly, Plaintiff's late service on Defendants SNC and Liberty Mutual does not relate back to the date that the complaint was filed.  Plaintiff never attempted to serve Defendant Willard.  Therefore, Plaintiff's claims against all Defendants are barred by the statute of limitations.

**SO ORDERED**, this the 29th day of May, 2009.

*/s/ Hugh Lawson*
**HUGH LAWSON, Judge**

wjc